IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GRACELAND COLLEGE CENTER FOR
PROFESSIONAL DEVELOPMENT AND
LIFELONG LEARNING, INC.,
d/b/a SKILLPATH**

        Plaintiff,                      Case No. 05-cv-2259-JWL-GLR

v.

**DENNIS GIANNETTI
FOCUS PUBLICATIONS INC.,**

and

**ROBERT C. MIGLINO**

        Defendants.

## **AGREED PROTECTIVE ORDER**

Plaintiff Graceland College Center for Professional Development and Lifelong Learning, Inc., d/b/a/ SkillPath, Inc. ("SkillPath") and Defendants Dennis Giannetti, Robert Miglino and Focus Publications, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby agree to the following terms of this Protective Order regarding the disclosure and production of confidential, proprietary and trade secret documents, information and things in any form or medium (hereinafter, "Information"):

        1.        The discovery sought by the parties will likely reveal proprietary information regarding the business and financial operations of the parties that is confidential and, in some cases, may contain trade secrets, the use or disclosure of which may cause injury to the business of the party producing such information. This Information will include confidential financial information of the parties concerning their seminars, business operations and/or occupations. The purpose of this Protective Order is to protect the confidentiality of the parties' proprietary information and to insure that the parties can obtain and pursue discovery with a minimum of delay and expense.

        2.        For purposes of this Protective Order, the following words shall have the following

meanings:

a.   "Documents" shall mean (1) all written, recorded or graphic matter which (a) are or have been produced in connection with this action by any party; or (b) are produced in this action to the parties by any non-party pursuant to the Federal Rules of Civil Procedure or as otherwise ordered by the Court; and (2) any copies, reproductions or summaries of any of the foregoing.

b.   "Discovery Materials" shall mean (1) Documents other than documents that are publicly available (i.e., obtainable without formal legal process); (2) Rule 26(a) documents, answers to interrogatories, responses to requests for production and responses to requests for admissions served or filed in this litigation; and (3) deposition testimony taken in this litigation and deposition exhibits. "Discovery Materials" also include copies, excerpts, summaries and summaries of such documents in any pleadings or papers filed with the Court that quote from, summarize, incorporate or attach any of the foregoing materials.

c.   "Confidential Information" shall mean trade secret or proprietary or confidential financial and operations information of the parties contained in Discovery Materials, the use of, or disclosure by, the parties or other third parties or the disclosure of which to certain personnel of another party or to third parties may cause injury to the business of the party producing such information.

3.   Recognizing that the parties could be damaged if Confidential Information belonging to one of the parties was given to the other party, all Confidential Information produced or submitted during the course of this action shall be governed by this Protective Order.

4.   Any information or materials within the definition set forth in paragraph 2(c) above produced by any party as a part of discovery in this litigation may be designated by such party as "Confidential" or under the terms of this Protective Order.

a.   In the case of documents or other materials, other than depositions or other pre-trial testimony, by affixing the legend "Confidential" to each page of the Information for which confidentiality is claimed;

- 3 -

  b.  In the case of documents or other materials that are not in hardcopy, paginated form, by affixing the legend "Confidential" to the Information's label, package or cover.

  5.  Absent a specific order by the Court, once designated as "Confidential" such Information including documents, materials, electronic data, items and/or information shall be used by the party or party's counsel, subject to the restrictions contained herein, solely in connection with this litigation, and not for any business, personal, competitive, governmental, or other purpose or function, and such Information shall not be disclosed to anyone except as provided herein.

  6.  The parties agree that Confidential Information designated as "Confidential," or information derived therefrom, may be disclosed or made available by the party receiving such Information only to the following:

  a.  the Court and any persons employed by the Court whose duties require access to any Information filed in connection with this litigation;

  b.  the receiving party's officers, directors, and employees deemed necessary to aid counsel in the prosecution and defense of this litigation to the extent necessary to perform such work and provided that prior to the disclosure to such officer, director or employee of any Information designated as "Confidential", counsel for the party proposing to make such disclosure shall deliver a copy of this Protective Order to such person and shall explain its terms to such person and have such person execute a copy of Exhibit "A" to this Protective Order to show his or her agreement to be bound by the terms herein;

  c.  counsel to the parties in this action and the paralegal, clerical and secretarial staff employed by such counsel and working under the direct supervision of such counsel; and

  d.  any other person that the parties agree to in writing.

  7.  Entering into, agreeing to, and/or producing or receiving Information or material designated as "Confidential" or otherwise complying with the terms of this Protective Order shall not:

  a.  operate as an admission by any party that any particular Information or material

designated as "Confidential" contains or reflects trade secrets, proprietary and/or commercially sensitive information, or any other type of confidential information;

b.       prejudice in any way the rights of the parties to object to the production of documents that they consider not subject to discovery;

c.       prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

d.       prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

e.       prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly "Confidential" Information; or

f.       prevent the parties to this Protective Order from agreeing in writing or on the record during a hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular Information or material.

8.       If any party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the receiving party is notified of the error, if such disclosure is made in good faith. As soon as the receiving party is notified of the inadvertent production, the documents, materials, items and/or information must be treated as "Confidential" under this Protective Order must be treated as if they were timely designated as such, and the receiving party must endeavor in good faith to retrieve all copies of the Information which was distributed or disclosed by the receiving party to persons not authorized to have access to such Information by this Protective Order, as well as copies made by such persons. If any party inadvertently produces Confidential Information that is privileged, as soon the receiving party is notified the inadvertent production, the Confidential Information that is privileged, including all copies thereof, immediately shall be returned to the party inadvertently producing it.

9.       In the event that counsel for any party determines to file Confidential Information with the Court, or information derived directly therefrom, such party shall file a motion with the Court seeking leave to file such Confidential Information under seal. If the Court grants leave for that party to file such

Confidential Information under seal, such documents shall be filed only in a sealed envelope in which a statement substantially in the following form shall be endorsed:

### **CONFIDENTIAL UNDER PROTECTIVE ORDER**

**This envelope which is being filed under seal contains documents that are subject to a Protective Order governing use of confidential information.**

10.     The designation of documents as "Confidential" is intended solely to facilitate the proceedings in this litigation. A party may move the Court to remove the protection of this agreement on documents which that party feels have no basis for being kept Confidential after making a good faith attempt to resolve the disputed designation and providing five (5) days written notice of its intent to so move to the designating party's counsel.

11.     If at any time a party objects to a designation of Information as "Confidential" pursuant to paragraph 5, the objecting party shall so notify the designating party in writing. The notices setting forth any such objection shall identify the Information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within fifteen (15) business days of the delivery of such notice, the party opposing the designation may move the Court for a ruling on the continued status of the Information. The designated status of the Information shall be maintained until an Order is entered by the Court deeming that the documents or Information are not subject to this Protective Order. If objection to Information being designated as "Confidential" is not made within thirty (30) days after the close of discovery in this litigation or prior to the parties entering an agreement to settle this litigation, the right to make such objection under this paragraph 12 shall be deemed waived.

12.     In the event that any person is asked a question at a deposition for which the answer requires the disclosure of Confidential Information, such question shall nonetheless be answered by the witness fully and completely, subject to other objections or instructions asserted by counsel. Prior to answering, however, all persons, other than the witness, who are not allowed to obtain Confidential Information pursuant to paragraph 6 of this Protective Order shall leave the room during the time in which

this Information is disclosed or discussed. Alternatively, or in addition, counsel for the designating party may, within ten (10) business days after receipt of the deposition transcript (and videotape as applicable), notify all other counsel, on the record or in writing, that the Information disclosed has been designated pursuant to paragraph 5. Those portions of the deposition that are so designated shall be filed separately and under seal with the Court whenever the deposition is so filed. In order to facilitate such designations, unless otherwise agreed to in writing by the designating party, all deposition transcripts shall be treated as though the entire transcript has been designated pursuant to paragraph 5 until ten (10) business days after receipt of the transcript.

13. Nothing herein shall prevent disclosure beyond the terms of this agreement if the party providing the Confidential Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

14. This Agreement does not otherwise restrict, modify or enlarge any party's discovery obligations or rights pursuant to the Federal Rules of Civil Procedure.

15. The restrictions on the use and disclosure of Confidential Information contained herein shall not apply to such Information which any party receiving such Information can show:

a. at the time of disclosure to the receiving party or at any time prior thereto, such Information was available to the public;

b. subsequent to the disclosure to the receiving party, the Information becomes available to the public through no fault of the receiving party (including the officers or employees of the receiving party); or

c. was disclosed to the receiving party without any obligation of confidentiality by someone not a party to this action who was in lawful possession of such Information.

16. Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of Court. If any third party moves to compel a party to this action to produce any Information designated pursuant to paragraph 5, such party shall immediately notify the party who originally produced such Information that a motion has been made in order to allow the party who originally produced such Information the opportunity to oppose the motion. In addition, if a party is ordered to produce Information

covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given to the party that produced such Information.

17.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion or termination of this action, including without limitation any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order or decree finally disposing of this action, including any appeals or settlement, all persons having received Information or material designated as "Confidential" shall return such materials and all copies thereof, however stored (including summaries and excerpts), to counsel for the producing party, or shall destroy all copies of such Information and materials and provide written certification to counsel for the producing party that all such Information or material has been destroyed.  In the event of settlement or final disposition of this action, counsel for the parties shall retrieve copies of all Information designated "Confidential" previously sent to their experts or any other person and return such Information to counsel for the producing party within sixty (60) days after receiving notice of the entry of the order, stipulation, judgment or decree finally disposing of this action, or provide to counsel for the producing party a written certification from their expert(s) or other person(s) who received such Information that all such Information or material has been destroyed.  Counsel for the parties shall be entitled to retain Court papers, hearing transcripts, and attorney work-product (including pleadings, motions, and hearing transcripts, and attorney work-product that contain information or material designated "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any Information or material designated as "Confidential" to any person or entity.  All documents, materials, items and/or Information returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph 18.

18.     Any party may seek leave of the Court to reopen this action for purposes of enforcing the provisions of this Protective Order.

By signing below, the parties hereto agree to the terms set forth herein.

Dated:  January 26, 2006

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

**AGREED TO:**

SONNENSCHEIN NATH & ROSENTHAL LLP

By:     /s/ Rebecca Stroder
Robert O. Lesley          KS #11545
Rebecca S. Stroder        KS #20648
4520 Main Street, Suite 1100
Kansas City, Missouri  64111
Phone:  (816) 460-2400
Fax:  (816) 531-7545
rlesley@sonnenschein.com
rstroder@sonnenschein.com
Attorneys for Plaintiff Graceland College Center for Professional Development and Lifelong Learning, Inc., d/b/a/ SkillPath

-and-

___/s/ _____
Dennis Giannetti
2740 SW Martin Downs Blvd. #186
Palm City, FL 34990
(772) 485-8083
denspeaks@hotmail.com
Pro Se

-and-

___/s/ _____
Greg Musil, Esq.          KS # 13398
Jason L. Bush             KS # 18299
Kelly Stohs               KS # 21174
Shughart Thomson & Kilroy PC
32 Corporate Woods, Ste. 1100
9225 Indian Creek Pkwy.
Overland Park, KS 66210
gmusil@stklaw.com
(913) 451-3355
(913) 451-3361 (Fax)
Attorneys for Defendants Focus and Miglino