IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**GRACELAND COLLEGE CENTER**
**FOR PROFESSIONAL DEVELOPMENT**
**AND LIFELONG LEARNING, INC.**
**d/b/a SKILLPATH**

                                        Case No. 05-2259 JWL

      **Plaintiff,**

v.

**DENNIS GIANNETTI**
**and**
**FOCUS PRODUCTIONS, INC.**
**and**
**ROBERT C. MIGLINO**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Graceland College Center for Professional Development and Lifelong Learning, Inc., d/b/a Skillpath ("Skillpath") filed suit against the defendants on June 6, 2005, and later amended its complaint, which now alleges claims for copyright and trademark infringement, breach of contract, tortious interference with contract, and unfair competition. Defendant Giannetti filed his response and a counterclaim on July 7, 2005.

This matter comes before the court on Skillpath's motion to dismiss Mr. Giannetti's counterclaim for failure to state a claim (doc. 34). For the reasons explained below, the

1

motion to dismiss is granted without prejudice with leave to Mr. Gianenetti to file an amended counterclaim by May 5, 2006.

## **STANDARD OF REVIEW FOR MOTION TO DISMISS**

The court will dismiss a cause of action for failure to state a claim only when "'it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief,'" *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the non-movant. *Beedle*, 422 F.3d at 1063. The issue is "not whether [the claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

Finally, although we liberally construe the allegations in a pro se pleading, we may "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a [pro se litigant's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Thus, "[d]espite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories" for a pro se litigant. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

## **A**NALYSIS

The only issue before the court on this matter is whether Mr. Giannetti's counterclaim states a claim upon which relief can be granted. The counterclaim, without editing by the court, states:

> As a result of plaintiff's failure to recognize a lack of contractual relationship with Giannetti, Giannetti respectfully asserts the following:
>
> 1. Giannetti (p) and Skillpath (d) were in fact, not under contract as claimed under Exhibit A for a period of time that extends beyond the term of the contract plus one year thereafter for a final time of October 1, 2003.
> 2. As a result of Skillpath's failure to recognize this fact and Skillpath's failure to contact Giannetti in a successful and reasonable manner to discuss their misperception, Giannetti has been damaged. These damages include, but are not limited to:
>     a. Financial loss of income through being prevented by Skillpath's action with Focus publications in conducting event Giannetti was legally entitled to do.
>     b. Financial loss of expenses associated with travel, meals, preparation and related expenses associated with the Focus event.
>     c. Attorney consultation fees as current and any necessary in the future deemed necessary to pursue or defend claim against and with Skillpath.
>
> Respectfully, Giannetti requests the court to enter judgment against Graceland College Center D/B/A Skillpath Seminars for all compensatory damages associated with this counterclaim.
>
> Additionally, Giannetti respectfully requests punitive damages are awarded against Graceland D/B/A Skillpath Seminars for the following reasons:
>
> 1. Giannetti has found out that a representative from Skillpath had contacted Mr. Bob Miglino from Focus Publications and slandered Giannett's name by making false and misleading statements about Giannetti.
> 2. That Skillpath, on the day before the Focus event (typical and actual day travel) sent fax in plain view to Giannetti's current place of business. Giannetti also questions motive in such actions as no prior contact attempt was made to Giannetti through his place of business until such day in which Giannetti could not respond or protect his privacy. Had Additionally, there was another fax, sent to hotel in which Giannetti was staying in plain view for hotel staff to see causing further embarrassment upon check in.
> 3. That Skillpath, despite Giannetti's calling after being refused by Focus to provide services for conference to clear up any issues, refused to discuss the

3

    situation reasonably and continued to make unreasonable allegations and requests causing Giannetti undue hardship in the form of mental and emotional distress.

  After Mr. Giannetti filed his counterclaim, Skillpath filed a motion to dismiss for failure to state a claim upon which relief can be granted. Initially, Mr. Giannetti failed to respond to the motion to dismiss. The court then issued an order to show cause for his failure to respond, and in response Mr. Giannetti stated that he was unaware of the pleading rules in the District of Kansas. Although the court will show leniency and consider the merits of Mr. Giannetti's response, the court cautions that in the future he will be bound to comply with the court's local rules and deadlines. *See Barnes v. United States*, 2006 WL 856221, \*2 (10th Cir. 2006) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). In examining the merits of his response to the motion to dismiss, essentially he contends that his counterclaim is intended to state a claim for tortious interference with a contract.

  Despite his intentions, his counterclaim statement fails to state a claim for relief. In Kansas, the tort of interference with a contract is a cognizable claim, but the following elements must be alleged: "(1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom." *Burcham v. Unison Bancorp, Inc*., 276 Kan. 393, 423-424 (2003). In comparing his counterclaim statement to these elements, an immediate deficiency is that he does not allege the existence of a contract between himself and a third-party with which Skillpath allegedly tortiously interfered. *See id.* (noting that "plaintiffs in this case cannot

maintain an action for tortious interference with a contract because there was no existing, enforceable contract"); *National Elec. Contractors Ass'n, Inc. v. Kansas Chapter*, 2000 WL 915088, *2 (D. Kan. 2000) (granting motion to dismiss claim for tortious interference with a contract because "the defendants have failed, *inter alia*, to allege an actual breach of contract. Without such an allegation, this claim must fail and be dismissed."). It would be particularly helpful if Mr. Giannetti were to attach any such contract to his pleadings to assist the court and opposing counsel in understanding his claim for relief.

Moreover, it is unclear based on Mr. Giannetti's statement supporting his counterclaim exactly where and when he is alleging the tortious interference occurred. It is vital to state where the alleged tort occurred and where Mr. Giannetti suffered the harm of the alleged tort because that determines which state's law governs the dispute, and it is necessary to state when the alleged tort occurred to ensure that his claim falls within the applicable statute of limitation.

The court further notes that Mr. Giannetti implicitly acknowledges these omissions in his counterclaim, as he states in his response to the motion to dismiss that the court should allow him an opportunity to amend his counterclaim to properly allege tortious interference with a business contract. The court will allow him to do so because "'pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.'" *See Whitney*, 113 F.3d at 1173 (citation omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to dismiss the counterclaim for failure to state a claim for relief (doc. 34) is granted without prejudice with leave to Mr. Giannetti to file an amended counterclaim by May 5, 2006, if he chooses to do so.

**IT IS SO ORDERED** this 14th day of April, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
